WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Timothy R. Wheeler
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
(212) 490-3038 (facsimile)

*Attorneys for Bank of America, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | Hearing: April 5, 2022, 10:00 a.m. |
|  | Chapter 11 |
| **LUCKY STAR-DEER PARK LLC, *et al.*,** | Lead Case No. 20-73301 (REG) |
|  | Jointly Administered |
| **Debtors.** | Indiv. Case No. 20-73327 (REG) |

**OBJECTION OF BANK OF AMERICA, N.A. TO**
**THE DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT FOR THE**
**SECOND AMENDED CHAPTER 11 PLAN OF QUEEN ELIZABETH REALTY CORP.**

TO:   THE HONORABLE ROBERT E. GROSSMAN
      UNITED STATES BANKRUPTCY JUDGE

Bank of America, N.A. (the "***Bank***"), a creditor of debtor Queen Elizabeth Realty Corp. (the "***Debtor***") of case no. 20-73327 as jointly administered under the above caption, through its counsel, Wilson Elser Moskowitz Edelman & Dicker LLP submits this objection (the "***Objection***") to the proposed *Debtor's Second Amended Disclosure Statement for the Second Amended Chapter 11 Plan Proposed by the Debtor in Possession* (the "***2nd Amended Disclosure Statement***") [Case No. 20-73327, Doc. No. 50], which was submitted in conjunction with the proposed *Debtor's Second Amended Chapter 11 Plan of Reorganization* (the "***2nd Amended Plan***") [Case No. 20-73327, Doc. No. 48], and in support thereof the Bank states as follows:

## BACKGROUND

1. On November 3, 2020 (the "***Petition Date***"), the Debtor commenced case number 20-73327 (the "***Case***") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Eastern District of New York (the "***Court***").

2. On November 6, 2020, the Debtor submitted amended schedules of assets and liabilities, and statement of financial affairs (as modified and amended, the "***Statements and Schedules***"). *See* Statements and Schedules, 20-73327 Doc. Nos. 1, 8.

3. Among other things, the Statements and Schedules list a secured claim for the Bank in the amount of $19,700,000.00. *See* Statements and Schedules, 20-73327 Doc. No. 8, Section 2.1, page 1 of 3.

4. On December 3, 2020, the Debtor filed a motion seeking to have the Case jointly administered with three (3) other, affiliated cases, which motion the Court granted by order entered January 14, 2021, consolidating the four (4) cases under lead case number 20-73301. *See* 20-73327, Doc. No. 34.

5. On December 14, 2020, the Bank filed a proof of claim in the Case (the "***Bank's POC***"), asserting a secured claim in the amount of "not less than $19,978,987.47" plus, among other things, a yet to be determined swap termination fee, interest accruing since the Petition Date, and further attorneys' fees and costs (the "***Bank's Claim***") arising from certain defaulted, unpaid obligations (the "***Loan Obligations***") under certain loan documents (the "***Loan Documents***"). *See* 20-73301, Claims Registry, Claim No. 2.

6. As acknowledged by the Debtor, the Bank's Claim is secured by a mortgage on certain real property. *See* 2nd Amended Disclosure Statement, p. 7; p. 11.

7. On April 14, 2021, the Debtor filed its proposed *Debtor's Disclosure Statement for the Chapter 11 Plan Proposed by the Debtor in Possession* (the "**Disclosure Statement**"). *See* 20-73327, Doc. No. 38.

8. On April 14, 2021, the Debtor filed the *Debtor's Chapter 11 Plan of Reorganization*. *See* 20-73327, Doc. No. 39.

9. On April 14, 2021, the Court entered an order, among other things, scheduling a hearing on the adequacy of the Disclosure Statement for June 2, 2021 at 10:00 a.m. *See* 20-73301, Doc. No. 92; 20-73327, Doc No. 40.

10. On May 26, 2021, the Bank filed an objection to the adequacy of the Debtor's Disclosure Statement. *See* 20-73301, Doc. No. 101.

11. Thereafter, the hearing on the adequacy of the Debtor's Disclosure Statement was adjourned several times.

12. On March 3, 2022, the Debtor filed the proposed *Debtor's First Amended Disclosure Statement for the Amended Chapter 11 Plan Proposed by the Debtor in Possession*. *See* 20-73327, Doc. No. 42.

13. On March 3, 2022, the Debtor filed the proposed *First Amended Chapter 11 Plan Proposed by the Debtor in Possession*. *See* 20-73327, Doc. No. 44.

14. On March 31, 2022, the Debtor filed the proposed 2nd Amended Plan. *See* 20-73327, Doc. No. 48.

15. On March 31, 2022, the Debtor filed the proposed 2nd Amended Disclosure Statement. *See* 20-73327, Doc. No. 50.

16. The 2nd Amended Disclosure Statement lists the amount of the Bank's Claim as "$19,978,897.47 as of the date of the filing of its proof of claim" and proposes to pay the Bank "in

full as to its allowed claim as agreed by and between the parties." *See* 2nd Amended Disclosure Statement, p. 11.

17. The hearing on the adequacy of the Debtor's proposed 2nd Amended Disclosure Statement is currently scheduled for April 5, 2022 at 10:00 a.m. *See* 20-73327, Doc. No. 46.

## OBJECTION

18. "A disclosure statement is a solicitation document approved by a bankruptcy court as containing adequate information so that an informed determination can be made whether to accept or reject a reorganization plan." *In re 266 Washington Assocs.*, 141 B.R. 275, 288 (Bankr. E.D.N.Y. 1992) (*citing* 11 U.S.C. § 1125). The Bank hereby objects to the Debtor's proposed 2nd Amended Disclosure Statement, and for the reasons set forth herein, respectfully requests that the Court issue an order denying the Debtor's request for approval of the proposed 2nd Amended Disclosure Statement in its current form for failure to include adequate information as required by 11 U.S.C. § 1125.

**The Amount of the Bank's Claim.**

19. In summarizing the 2nd Amended Plan, the 2nd Amended Disclosure Statement includes a description of the five (5) classes of claims, with the Bank's Claim included in Class 1 Secured Claim of Bank of America. *See* Disclosure Statement, pp. 11-12. The Debtor asserts that the Bank "shall be paid in full its allowed claim as agreed by and between the parties…" but fails to acknowledge the entire allowed amount of the Bank's Claim and that the Bank's Claim is over-secured.

20. The Bank acknowledges that the Debtor has made certain payments towards the Loan Obligations during the pendency of this Case. However, simultaneously, interest and fees under the Loan Documents have continued to accrue. In addition, the Bank's Claim includes a variable swap termination payment that may only be quantified when a distribution date for the

4

Bank's Claim is confirmed and the interest rate swap included in the Loan Documents is terminated. The Bank further acknowledges that once a closing date is set for the Exit Facility (as defined in the 2nd Amended Plan), the Bank will be required to deliver a payoff statement effective as of such closing date that accounts for all payments, accrued interest and fees, other than the swap termination payment, the amount of which will be determined as of the effective date of the termination of such swap and memorialized in a separate writing provided by the Bank to the Debtor and its counsel.

21. The Bank objects to the 2nd Amended Disclosure Statement to the extent that it proposes to pay the Bank anything less than the full amount of the Bank's Claim, including the swap termination payment, and all accrued interest and fees, with credit given to the Debtor for any previously-remitted payments. The 2nd Amended Disclosure Statement must recognize that the Bank's Claim is an allowed secured claim and represent that the Bank's Claim will be paid in its entirety.

**Objections to the 2nd Amended Plan.**

22. As applicable, the Bank hereby asserts objections to the Debtor's 2nd Amended Plan that are based upon and correspond to the objections set forth herein, and expressly reserves the right to further assert such objections in advance of and at the Confirmation Hearing.

## CONCLUSION

23. In sum, the Bank believes that the Debtor's proposed 2nd Amended Disclosure Statement in its current form is deficient and should not be approved because it does not provide "adequate information" to allow a holder of a claim against the Debtor to make an informed judgment about the Debtor's 2nd Amended Plan as is required under 11 U.S.C § 1125.

24. The Bank expressly reserves and preserves all available rights and remedies, including without limitation the right to assert other and further arguments at the hearing on

approval of the Debtor's 2nd Amended Disclosure Statement and/or in connection with the Debtor's 2nd Amended Plan approval process.

WHEREFORE, for all of the reasons set forth herein, the Bank respectfully requests that the Court enter an order denying approval of the Debtor's proposed 2nd Amended Disclosure Statement in its current form.

[Signature page to follow.]

Dated:   April 1, 2022

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

/s/ *Timothy R. Wheeler*
Timothy R. Wheeler
150 E 42nd Street
New York, New York 10017
(212) 490-3000
(212) 490-3038 (facsimile)
timothy.wheeler@wilsonelser.com

*Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I, Timothy R. Wheeler, hereby certify that on April 1, 2022, I caused a copy of the foregoing *Objection of Bank of America, N.A. to the Debtor's Proposed 2nd Amended Disclosure Statement* to be served electronically through the Court's CM/ECF electronic case management system upon the registered participants as identified on the Notice of Electronic Filing.

Dated:   April 1, 2022

      /s/ *Timothy R. Wheeler*
      Timothy R. Wheeler